Filed 2/10/23  Marriage of Hettinga CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re the Marriage of CHRISTY AND GERBEN HETTINGA. <br><br> CHRISTY HETTINGA, <br><br> Appellant, <br><br> v. <br><br> GERBEN HETTINGA, <br><br> Respondent; <br><br> AMERICAN BEEF PACKERS, INC., <br><br> Movant and Respondent. | E077367 <br><br> (Super.Ct.No. FAMRS1400253) <br><br> OPINION |

APPEAL from the Superior Court of San Bernardino County.  Cheryl C. Kersey, Judge.  Affirmed.

John L. Dodd & Associates, and John L. Dodd; Brown & Chabonneau, Gregory G. Brown, and Joseph Dankert for Appellant.

DaCorsi Placencio, and Michael M. Hernandez for Movant and Respondent.

1

Christy and Gerben Hettinga separated after 18 years of marriage.[1] They settled their marital dissolution action, and the trial court entered judgment pursuant to the settlement agreement. Christy later moved to set aside the judgment on the basis of Gerben's allegedly incomplete disclosure of his income and his ownership interest in various businesses, including American Beef Packers, Inc. (American Beef Packers). After a trial on Christy's motion, the trial court declined to set aside the judgment. American Beef Packers then moved for sanctions against Christy for misusing the discovery process before trial. Christy appeals from that order. We affirm.

## BACKGROUND[2]

A. *The Dissolution and Postjudgment Proceeding*

In 2015, Christy moved to set aside the judgment of dissolution on the ground that Gerben had not accurately and fully disclosed his assets and income. Christy claimed that Gerben and his father, Hein Hettinga, lied to her about the value of GH Dairy (a company they co-owned along with Hein's wife), Gerben did not accurately disclose his income, Gerben falsely claimed to own only 25 percent of American Beef Packers when

---

[1] We refer to Christy, Gerben, and certain other individuals by their first names because they have the same last name. No disrespect is intended.

[2] We grant Christy's request for judicial notice of the record on appeal in case number E075687. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) We deny Christy's request for judicial notice of the record in case number E076835 (an appeal she took from a separate posttrial sanctions award), because it is not relevant to our analysis of the issues in this appeal. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2 ["any matter to be judicially noticed must be relevant to a material issue"].)

he actually owned 50 percent of the company, and Gerben failed to disclose his ownership interest in other businesses.

After an 11-day bench trial in 2020, the trial court denied the motion. We affirm the denial in a separate nonpublished opinion.

B. *Posttrial Motion for Sanctions*

After the trial court denied Christy's motion to set aside the judgment, American Beef Packers moved for sanctions against Christy and her counsel under sections 1987.2, 2023.010, 2023.020, and 2025.410, subdivision (d), of the Code of Civil Procedure. (Undesignated statutory references are to the Code of Civil Procedure.) American Beef Packers sought sanctions on the basis of Christy's alleged abuse of the discovery process. American Beef Packers sought an award of attorney fees incurred in making or opposing five specific motions, duplicative subpoenas propounded by Christy, and "[b]riefs, letters, and other communications with Discovery Referee regarding the Motions to Quash, Motions to Compel, and apex subpoenas." The motion was based on (1) attached declarations filed by two of American Beef Packers' attorneys and a legal assistant, (2) attached exhibits that included minute orders, billing records from American Beef Packers' attorneys, and subpoenas, (3) a memorandum of points and authorities, (4) "the pleadings, records, and files" in the action, and (5) any further evidence submitted at the hearing on the matter.

Christy opposed the motion, arguing that it was time-barred, American Beef Packers sought attorney fees that were previously requested and denied, American Beef

Packers had not requested sanctions when the discovery disputes occurred, one of the motions was never heard by the court, and American Beef Packers failed to specify which fees were incurred for each underlying motion. She also argued that the trial court should not award sanctions for conduct related to some of the underlying discovery motions.

## C. *Pretrial Discovery Proceedings*

In October 2016, the trial court issued a statement of decision on numerous motions it had previously heard. The court denied Gerben's motion to dismiss Christy's motion to set aside the judgment. The court granted Christy's motion to compel discovery from Gerben. The court concluded that Christy was allowed to seek discovery on her motion to set aside the judgment even though the stipulated judgment between Christy and Gerben prohibited further discovery. The court "reserve[d] jurisdiction on any Sanctions under the circumstances of this case." (Italics omitted.)

Later that month, Christy served American Beef Packers with a subpoena for the production of documents, with a production deadline the following month. Christy sought 11 categories of documents from American Beef Packers from January 1, 2013, through the date of production. American Beef Packers objected. Christy subsequently withdrew the subpoena.

On January 3, 2017, Christy served a second subpoena for production of documents on American Beef Packers, with a production deadline later that month. Christy sought 11 categories of documents from American Beef Packers from January 1,

4

2013, through the date of production, including American Beef Packers' tax returns and financial statements. The subpoena was not served on counsel for American Beef Packers. In April 2017, American Beef Packers objected to the subpoena.

In April 2017, American Beef Packers, GH Dairy, and other nonparties moved to quash subpoenas issued to all of them to produce business records. The motion was heard on June 14, 2017. While that motion to quash was pending, Christy moved to compel American Beef Packers to comply with the same January 3, 2017, subpoena that was the subject of the motion to quash. The motion to compel was scheduled to be heard on June 27, 2017.

On June 14, 2017, the trial court granted American Beef Packers' and other nonparties' motion to quash. The court ordered Christy's counsel to "redraft an appropriate subpoena for both companies, [GH Dairy] and [American Beef Packers] and any other company believed that [Gerben] has failed to disclose. Th[i]s subpoena needs to be specific as to the ownership interest of [Gerben], any money by way of salary or stock or any typ[e] of benefit that he may have received prior to the date of separation." (Capitalization omitted.) The court also ordered "all counsel to meet and confer regarding any objections on [the] document[s] that have been requested" before bringing the dispute to the court. (Capitalization omitted.)

On June 26, 2017, Christy's counsel agreed to American Beef Packers' written request to take the motion to compel compliance with the quashed subpoena off calendar.

5

The following month, Christy filed an ex parte motion for clarification of the June 14, 2017, order. On September 7, 2017, the court denied the motion.

Nearly one year later, on August 21, 2018, Christy served American Beef Packers with another subpoena for the production of business records. Christy sought American Beef Packers' tax returns and financial statements from 2008 through May 2015, among other things. Christy also subpoenaed Rabobank, N.A. (Rabobank) for records from the same period of any loans made to American Beef Packers and for monthly statements for any accounts held by American Beef Packers.

In September 2018, American Beef Packers' counsel appeared at a hearing concerning an ex parte motion to quash filed by GH Dairy and other nonparties concerning subpoenas Christy had served on various nonparties, including American Beef Packers and Rabobank. The court quashed certain subpoenas issued to American Beef Packers and Rabobank because they were previously withdrawn by Christy. The court set a future hearing date to entertain any requests for attorney fees.

In December 2018, Christy served American Beef Packers with another subpoena for the production of business records, seeking American Beef Packers' tax returns and financial statements (among other records) from 2014 through the date of production. American Beef Packers moved to quash the subpoenas by joining a motion to quash filed by GH Dairy. On January 23, 2019, the court referred the third party discovery matters to a discovery referee. In March 2019, the referee issued a 32-page recommendation concerning the motion to quash.

On May 2, 2019, the court heard a motion to compel filed by Christy. Counsel for American Beef Packers was present. The court denied the motion and reserved jurisdiction over the issue of sanctions.

D. *Posttrial Sanctions Ruling*

The court granted American Beef Packers' posttrial motion for sanctions and ordered Christy to pay American Beef Packers $38,818. The court issued the order pursuant to section 2023.010 on the ground that Christy had engaged in "a 'clear misuse of the discovery process by persisting without substantial justification in an attempt to obtain information or materials that are outside the scope of permissible discovery.'" The court explained that it had allowed Christy to conduct limited discovery to ascertain Gerben's "income from American Beef Packers and [to] determine how his ownership interest changed post marital separation." Christy "chose to send subpoenas to other companies who do business with [American Beef Packers] without any showing of a nexus to the object of the search which was [American Beef Packers]. The first set was ordered quashed due to overreaching and overbroad. The second set was the same as the first and as it had previously been quashed, as such the discovery requests can only be seen as harassment. Additionally, the appointed Discovery Referee recommendations were consistently finding that the subpoenas went beyond the parameters of the court['s] restrictive ruling and had no relation to determining [Gerben's] income or ownership of American Beef Packers."

7

DISCUSSION

Christy argues that the trial court abused its discretion by awarding sanctions to American Beef Packers. She also argues in the alternative that the award should be reduced because certain portions are not supported by substantial evidence. We are not persuaded.[3]

Section 2023.010 sets forth a nonexhaustive list of acts or practices that are misuses of the discovery process, including "[p]ersisting, over objection and without substantial justification, in an attempt to obtain information or materials that are outside the scope of permissible discovery." (*Id.*, subd. (a).)

Section 2023.030 authorizes a trial court to impose monetary sanctions for abuses of the discovery process. (*Id.*, subd. (a).) The statute provides: "The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct. . . . If a monetary sanction is authorized by any provision of this title, the court shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (*Ibid.*)

---

[3] Christy argues that if we reverse the trial court's order denying her motion to set aside the judgment or the order awarding sanctions to GH Dairy, then we should reverse the sanctions award to American Beef Packers as well. The argument fails because by separate opinions we affirm the order denying her motion to set aside the judgment and the order awarding sanctions to GH Dairy (though we reduce the amount of the award from $41,092.90 to $40,900.15). In addition, Christy makes various arguments concerning GH Dairy, which are not relevant to the sanctions awarded to American Beef Packers and therefore need not be addressed.

"Discovery sanctions serve to remedy the harm caused to the party suffering the discovery misconduct. [Citation.] Because discovery sanctions are not designed to punish, "'sanctions should be tailored to serve that remedial purpose, should not put the moving party in a better position than he would otherwise have been . . . , and should be proportionate to the offending party's misconduct.""" (*Kwan Software Engineering, Inc. v. Henning* (2020) 58 Cal.App.5th 57, 74 (*Kwan*).)

"We review the trial court's sanctions order for abuse of discretion. As the trial court has broad discretion in selecting sanctions, 'we will reverse the trial court only if it was arbitrary, capricious, or whimsical in the exercise of that discretion.'" (*Kwan*, *supra*, 58 Cal.App.5th at p. 73.) We defer to the trial court's credibility determinations and draw all reasonable inferences in favor of the ruling. (*Ibid.*) We review any express or implied factual determinations for substantial evidence. (*Ibid.*; *West Coast Development v. Reed* (1992) 2 Cal.App.4th 693, 697-698.) We independently review questions of statutory interpretation. (*Kwan*, at p. 73.)

We first analyze Christy's arguments concerning the propriety of awarding sanctions to American Beef Packers.[4] Christy argues that the trial court awarded

---

[4]     Christy "disputes the central claim [that American Beef Packers] is a 'nonparty' for purposes of these sanctions motions." The argument is forfeited because Christy did not make it in the trial court. (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 920, fn. 3 (*Richey*).) On the contrary, Christy conceded the point by referring to American Beef Packers as a "non-party" in her opposition. In any event, Christy was married to Gerben, not to American Beef Packers. Regardless of the nature of Gerben's ownership interest in American Beef Packers, American Beef Packers was not a party to the divorce proceeding.

sanctions on the basis of an erroneous understanding of the scope of Christy's motion to set aside the judgment. She contends that the court incorrectly believed that discovery was limited to Gerben's ownership interest in and income received from American Beef Packers alone and did not extend to other related businesses. The argument fails because the court made no such error. The court's award of sanctions to American Beef Packers was based on abusive discovery propounded on American Beef Packers or on other businesses (such as Rabobank) concerning American Beef Packers, which American Beef Packers consequently had to oppose. The court's sanctions ruling is not based on an erroneous assumption that discovery was limited to American Beef Packers. Rather, it is based on the correct understanding that American Beef Packers properly sought sanctions only for discovery that related to American Beef Packers but was abusive because it went beyond the permissible scope of discovery as to American Beef Packers.

Christy next argues that the record in the trial court was not adequate to support an award of sanctions. She contends that American Beef Packers did not carry its burden of proof because it only supported its motion with minute orders of the court's previous rulings, some of the underlying subpoenas, and attorney billing records without asking the court to take judicial notice of the underlying motions. Christy did not make that argument in the trial court, so we do not consider it. (*Richey*, *supra*, 60 Cal.4th at p. 920, fn. 3.) Moreover, the motion stated that it was based on "the pleadings, records, and files" in the action, in addition to the attached exhibits. Christy did not argue in the trial court (and does not argue here) that the court could not consider the entire case file in

10

deciding the motion. We accordingly do not consider the propriety of American Beef Packers' request to have the trial court consider all of the records in the case.[5]

Christy also argues that because her discovery requests directed at American Beef Packers were not made in bad faith or without substantial justification, the trial court abused its discretion by awarding sanctions to American Beef Packers. Christy did not make that argument in the trial court, so we do not consider it. (*Richey*, *supra*, 60 Cal.4th at p. 920, fn. 3.) Moreover, by awarding sanctions to American Beef Packers under section 2023.030, the court necessarily found that Christy did not act with substantial justification. (§ 2023.030, subd. (a).) Christy does not explain how that implied finding amounted to an abuse of discretion or was not supported by substantial evidence.

We next analyze Christy's arguments concerning the amount of sanctions awarded. Christy argues that the trial court abused its discretion by awarding American Beef Packers the requested amount of sanctions because American Beef Packers did not specify which billable hours were attributable to each of the underlying motions and instead submitted a "'running total'" of billable hours. Christy argues that American Beef Packers' submission of the attorneys' aggregate billable hours violates the statutory

---

[5]     In her opening brief on appeal, Christy also notes that in the trial court she "objected on the ground all [American Beef Packers'] individual motions and oppositions did not include a notice it was seeking sanctions." She does not follow that observation by any legal argument or analysis in support of the objection. We therefore consider any such argument forfeited. (*City of Riverside v. Horspool* (2014) 223 Cal.App.4th 670, 681.) Christy does not state that the purpose of her observation is to incorporate by reference the objection she made in the trial court. In any event, we do not consider arguments incorporated by reference. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 294, fn. 20 (*Soukup*) ["the Court of Appeal does not permit incorporation by reference of documents filed in the trial court"].)

requirement that a motion for sanctions must be "accompanied by a declaration setting forth facts supporting the amount of any monetary sanction sought." (§ 2023.040.)

American Beef Packers' supported its motion with declarations from two attorneys and a legal assistant. All three attested that they had reviewed the law firm's attached billing record and verified that the bill reflected only those fees that were incurred as a result of Christy's conduct for which American Beef Packers sought sanctions. Billing entries for work unrelated to the conduct at issue were redacted. Christy fails to explain how the attestations do not satisfy section 2023.040's requirement that a sanctions motion must be "accompanied by a declaration setting forth facts supporting the amount of any monetary sanction sought." (*Ibid.*) Nothing in the statutory language implies that the three declarations introduced by American Beef Packers in support of the sanctions motion were insufficient. Christy does not cite any authority interpreting the statute otherwise.

Christy argues that the trial court could not "determine which fees were the result of which discovery request without specificity from counsel." The argument is irrelevant because the trial court awarded American Beef Packers the entire amount of attorney fees requested. The trial court therefore credited the attestations of the attorneys and the legal assistant and implicitly found that all of the requested attorney fees were incurred as a result of Christy's misuse of the discovery process. The court could not otherwise have awarded American Beef Packers monetary sanctions under section 2023.030, because the statute requires that the attorney fees awarded as a sanction for misuse of the discovery

12

process be incurred "as a result of that conduct." (§ 2023.030, subd. (a).) Moreover, the award is supported by substantial evidence because the attorneys and a legal assistant attested that all of the attorney fees identified on the attached billing records resulted from the conduct for which American Beef Packers sought sanctions.

Christy also argues separately that the trial court abused its discretion by awarding sanctions on the basis of each of the underlying discovery motions identified in the posttrial sanctions motion. Most of the arguments she raises were not made in the trial court, so we do not consider them. (*Richey*, *supra*, 60 Cal.4th at p. 920, fn. 3.) Below we address only the remaining arguments that were made in the trial court.

Christy argues that the trial court abused its discretion by awarding sanctions on the basis of her motion to quash heard on June 14, 2017, because "the court specifically did not order fees and/or sanctions concerning this motion." To support that contention, Christy cites the transcript and the minute order from the hearing on June 14, 2017. The court did not award any attorney fees or sanctions at that hearing, but the court also did not deny any request for attorney fees or sanctions. Christy does not develop the argument that the trial court could not later award attorney fees or sanctions if it did not order them when it ruled on the motion. We will not develop the argument for her. (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684.) Rather, the argument is forfeited because Christy fails to support it with any legal analysis or citation to legal authority. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146 (*United Grand*).)

13

For identical reasons, Christy has forfeited the only argument that she both made in the trial court and makes on appeal with respect to her motion for clarification heard on September 7, 2017. Christy claims the award of sanctions based on work done opposing that motion was an abuse of discretion because "the court neither awarded fees or sanctions or reserved jurisdiction over the issue." Christy again does not develop the argument or provide any legal analysis or authority to support the contention that in order to award posttrial sanctions based on a pretrial discovery motion the court had to reserve jurisdiction over the issue or to have previously ordered attorney fees or sanctions. The argument is consequently forfeited. (*United Grand*, *supra*, 36 Cal.App.5th at p. 146.)

Finally, with respect to the category of "[b]riefs, letters, and other communications with Discovery Referee regarding the Motions to Quash, Motions to Compel, and apex subpoenas" on which American Beef Packers sought to recover sanctions, Christy points out that she "argued below no statute authorized sanctions for this generalized activity" and American Beef Packers did not offer any justification for such an award in its reply brief. Aside from pointing out that she made the argument in the trial court, however, Christy does not develop the argument on appeal or support it with legal analysis or citation to legal authority. The argument is consequently forfeited. (*United Grand*, *supra*, 36 Cal.App.5th at p. 146.) Moreover, we do not consider arguments made in the trial court and incorporated by reference on appeal (*Soukup*, *supra*, 39 Cal.4th at p. 294, fn. 20), if that is what Christy meant to do.

For all of the foregoing reasons, we conclude that the trial court did not abuse its discretion by awarding American Beef Packers $38,818 in sanctions under section 2023.030, subdivision (a), on the basis of Christy's abuse of the discovery process.

## DISPOSITION

The May 7, 2021 order awarding sanctions to American Beef Packers is affirmed. American Beef Packers shall recover its costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ_____

J.

We concur:

MILLER_____

        Acting P. J.

CODRINGTON_____

        J.